BARTH, Plaintiff in error, v. STATE, Defendant in error.

*January 8—February 2, 1965.*

For the plaintiff in error there was a brief and oral argument by *Gordon Myse* of Appleton.

For the defendant in error the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief was *George Thompson,* attorney general.

GORDON, J. The sole ground of this appeal is Mr. Barth's contention that he was convicted upon an extrajudicial confession which was not corroborated. The state concedes that under the law of Wisconsin a confession by itself is insufficient to support the conviction of the confessor. *Holt v. State* (1962), 17 Wis. (2d) 468, 480, 117 N. W. (2d) 626; *State v. Bronston* (1959), 7 Wis. (2d) 627, 640, 97 N. W. (2d) 504, 98 N. W. (2d) 468. However, the state urges that the instant confession was properly corroborated.

There is no question but that Mr. Barth voluntarily confessed to the homosexual act with which he was charged. Upon his plea of not guilty, the trial court accepted his confession into evidence. The court also received the testimony of several police officers, who testified as to the voluntary nature of the confession.

The trial court listed three items which it deemed to constitute the necessary corroborative evidence: (1) "That there is such an individual as Charles Skenandore," the latter being the man with whom the homosexual act was allegedly perpetrated; (2) "that there is such an apartment as set out in the confession;" and (3) that such apartment "was occupied by the defendant."

At the time of oral argument, the state disavowed the three aforesaid items as constituting proper corroboration and instead urged that legally adequate corroboration was to be found in the testimony of Detective Frailing. This witness was questioned concerning how he arrived at the date of the offense, November 6th; Detective Frailing thereupon made the following statement, which the state relies upon to corroborate the confession:

"In talking to Elmer Barth—referred [*sic*] his memory on things he did and asked if the date of November 6 might not be the date this had taken place. He did think it did. I talked to the other party involved and he agreed it was possible. This could have been the date."

In our opinion, the above-quoted testimony falls short of constituting the corroboration necessary to support a conviction which is otherwise based entirely on a naked extrajudicial confession. In *Holt v. State, supra,* at page 480, the following rule was asserted relative to establishing a *corpus delicti* in Wisconsin:

"All the elements of the crime do not have to be proved independently of an accused's confession; however, there must be some corroboration of the confession in order to support a conviction. Such corroboration is required in order to produce a confidence in the truth of the confession. The corroboration, however, can be far less than is necessary to establish the crime independently of the confession. If there is corroboration of any significant fact, that is sufficient under the Wisconsin test."

We have carefully scrutinized the testimony in this case and particularly the portion quoted above that is relied upon by the state. We conclude that it does not constitute "corroboration of any significant fact," as is required under the standard of the *Holt Case.* The crucial words used by the

officer are the following: "I talked to the other party involved and he agreed it was possible. This could have been the date." These words are not only inexact and vague, but, furthermore, do not confirm the happening of any fact significant to this alleged crime.

In view of our conclusion that the record is devoid of sufficient corroboration, there is no necessity for our commenting on the hearsay aspects of the testimony of Detective Frailing.

The prosecution having failed to submit sufficient evidence to establish a *corpus delicti* by evidence independent of Mr. Barth's extrajudicial confession, there must be a reversal of such conviction.

May the state retry Mr. Barth on this charge? We note that he was convicted on August 3, 1964, and sentenced on August 14, 1964, to an indeterminate term of not to exceed two years. In *State v. Godsey* (1956), 272 Wis. 406, 408, 75 N. W. (2d) 572, the state failed to prove an essential element of the crime, and the court held that the conviction could not be sustained, adding:

"The defendant has been tried for the offense charged and was entitled to an acquittal. He was arrested on March 8, 1955, and has been in the county jail and the state prison for a period of within a few days of a year, the minimum sentence imposed by the court. We do not believe that under these circumstances he should be required to stand another trial."

In our opinion, the approach of the court in the *Godsey Case* is applicable; Mr. Barth should not be required to stand another trial.

*By the Court.*—The judgment is reversed, and the cause is remanded with directions to discharge the defendant from further custody. The warden of the state prison will deliver

him into the custody of the sheriff of Outagamie county, who will hold him in custody until discharged pursuant to this direction.