STATE, Respondent, v. HERRO, Appellant.

*No. State 41. Argued November 5, 1971.—Decided November 30, 1971.*
(Also reported in 191 N. W. 2d 889.)

212

For the appellant there was a brief and oral argument by *Burton B. Polansky* of Milwaukee.

For the respondent the cause was argued by *Thomas J. Balistreri,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J.   The only issue on this appeal is whether the withdrawal of appellant's guilty plea is necessary to correct a manifest injustice within the meaning of *State v. Reppin.*[1]   Appellant advances this argument in three ways:

1. The circumstances surrounding the plea were such as to render it involuntary.

2. Appellant was motivated to enter her guilty plea by her desire to avoid the possibility of life imprisonment and therefore her plea to the lesser offense was a manifest injustice.

3. The fact that appellant does not admit the crime invalidates the guilty plea.

### *Circumstances surrounding the plea.*

There is no question but that the authorities in charge of the women's jail in Waukesha exercised poor judgment in placing this defendant in solitary confinement apparently because they desired to separate her from the adult population.   Similarly, it is unfortunate that Deborah did not receive adequate medical treatment initially at the jail.   The fact remains, however, that these factors had nothing to do with the guilty plea.   In fact, Deborah had been integrated with the general jail population and had been afforded adequate medical treatment for a month prior to the plea.   The only testimony to substan-

---

[1] (1967), 35 Wis. 2d 377, 151 N. W. 2d 9.

tiate the claim that the plea was induced by appellant's physical and emotional condition is appellant's own testimony at the hearing on her motion—a year after the actual plea. The circuit court concluded that appellant's testimony was "totally incredible." As pointed out in *State v. Carter*,[2] when the trial court makes findings of fact as to the credibility of witnesses and the weight of testimony, even in cases involving constitutional principles, this court will not upset those findings unless they are against the great weight and clear preponderance of the evidence, assuming the trial court adopted adequate procedures, as here, to try the issues.

The record in this case demonstrates that the trial court meticulously examined appellant before accepting the guilty plea. The court considered substantial evidence prior to accepting the plea. At the hearing on the motion to vacate the plea Deborah's trial attorney refuted her testimony of undue pressure and emotional strain. The evidence of appellant's voluntary plea is overwhelming.

### Desire to avoid life imprisonment.

Appellant now argues that she agreed to plead guilty to the reduced charge in order to avoid the possibility of being sentenced to life imprisonment if convicted of first-degree murder, the original charge. It is appellant's contention that because of the difference in possible penalties the plea was not truly voluntary. This precise contention was rejected recently in *Salters v. State*,[3] wherein this court said that the difference in penalty is only part of the totality of circumstances surrounding the guilty plea. Here the difference in penalties does not invalidate the plea.

[2] (1966), 33 Wis. 2d 80, 90, 146 N. W. 2d 466.
[3] (1971), 52 Wis. 2d 708, 191 N. W. 2d 19.

*Appellant's inability to admit the crime.*

Appellant contends that because she does not admit her guilt the acceptance of the guilty plea was a manifest injustice. As a factual matter, appellant does not deny that she stabbed Taylor nor that she had a knife, nor that the deceased was stabbed while he was arguing with her. Appellant's claim is that she does not remember the precise moment of the stabbing. On the other hand, considerable evidence was taken at the original hearing when she entered her guilty plea, demonstrating that Deborah and Taylor were arguing and that Deborah threatened to kill the man. Appellant approached Taylor with a knife and slashed out at two friends who attempted to subdue her. Deborah then stabbed Taylor in the throat.

This evidence unquestionably establishes that appellant's action constituted the crime of second-degree murder, killing "by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life." [4] Deborah's own testimony indicates that she had the knife, was angry with Taylor, that she cut Taylor's finger with a knife, and saw blood on decedent's throat while the knife was in her hand.

In *Ernst v. State* [5] this court, in spelling out the procedure to be followed by a trial court in considering a guilty plea, required the court to determine " 'that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' " In urging a reversal here, counsel relies on *State v. Stuart,*[6] wherein this court, based on this *Ernst* requirement, reversed a criminal conviction when the defendant denied an element of the crime.

---

[4] Sec. 940.02, Stats.

[5] (1969), 43 Wis. 2d 661, 674, 675, 170 N. W. 2d 713.

[6] (1971), 50 Wis. 2d 66, 183 N. W. 2d 155.

The guilty plea here was accepted before *Ernst* and since *Ernst* is not retroactive, the additional requirement of *Ernst* is not applicable.[7]

Furthermore, *Stuart* is distinguishable for the reason that in *Stuart* the defendant specifically denied one element of the crime, to wit, having an intent to do harm (Stuart having been charged with conduct endangering the safety of another in violation of sec. 941.30, Stats.). There is no such denial of the crime or one of its elements here. At the time the plea was entered and accepted, Deborah did not deny the commission of the crime or a single element of that crime. At the hearing on her attempt to withdraw her plea she denied remembering inserting the knife in the victim.

From our independent review of this record we have no hesitancy in concluding that the plea was voluntary and was knowingly made. There was no manifest injustice which required the trial court to allow the appellant to withdraw that plea.

*By the Court.*—Order affirmed.

[7] The additional requirement which conforms Wisconsin procedure with the requisites of Federal Rule of Criminal Procedure 11 was first adopted for federal application in *McCarthy v. United States* (1969), 394 U. S. 459, 89 Sup. Ct. 1166, 22 L. Ed. 2d 418. *McCarthy*, and hence Rule 11, was made applicable to the states in *Boykin v. Alabama* (1969), 395 U. S. 238, 89 Sup. Ct. 1709, 23 L. Ed. 2d 274.