BOSKET, Plaintiff in error, v. STATE, Defendant in error.

*No. State 149. Argued May 3, 1972.—Decided June 6, 1972.*
(Also reported in 197 N. W. 2d 767.)

For the plaintiff in error there was a brief by *Charles J. Kersten* and *Kersten & McKinnon,* all of Milwaukee, and oral argument by *Charles J. Kersten.*

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

WILKIE, J. The only issue presented on this review is whether the trial court properly determined that defendant's statements to the police were voluntary. The state had the obligation of proving beyond a reasonable doubt that the confession was the result of a deliberate choice and was the product of a free and unconstrained will.[2]

---

[2] *State v. Carter* (1966), 33 Wis. 2d 80, 88, 146 N. W. 2d 466.

On appeal, "when the trial court makes findings of fact as to the credibility of witnesses and the weight of testimony, even in cases involving constitutional principles, this court will not upset those findings unless they are against the great weight and clear preponderance of the evidence, assuming the trial court adopted adequate procedures, as here, to try the issues." [3]

The defendant and both Detective Russ and Detective Marx agree that while the defendant was riding in the police car downtown the detectives showed the defendant a statement made by Mrs. Bosket inculpating her husband. The defendant contends that Detective Russ told him that if he did not admit his involvement in the crime, defendant's wife, who was ill and pregnant, would be charged as an accessory. Detective Russ denied making such a statement. Detective Marx at the original trial testified that he was in the car at the time and that Detective Russ had had a "minute" talk with the defendant about the crime prior to the defendant's making the voluntary statement "For a lousy fifty dollars I killed two men, for a lousy fifty dollars!"

The defendant attacks the trial court's determination making two basic points: The first is that Detective Marx's statement that Russ had had a "minute talk" with defendant was sufficient to raise a reasonable doubt in the mind of the finder of fact that defendant had not been coerced into making the inculpatory statement. The second assertion is that defendant's testimony was so credible that it raises a reasonable doubt as to the veracity of the detective's testimony.

Thus the real issue is one of credibility—who was telling the truth, the detective or the defendant.[4] To

[3] *State v. Herro* (1971), 53 Wis. 2d 211, 215, 191 N. W. 2d 889, citing *State v. Carter, supra,* footnote 2.

[4] *Phillips v. State* (1966), 29 Wis. 2d 521, 528, 139 N. W. 2d 41; *Madkins v. State* (1971), 50 Wis. 2d 347, 352, 184 N. W. 2d 144.

reverse, the testimony must demonstrate that the detective was untrustworthy and furthermore that the testimony of the defendant was credible. This is a matter for the trial court to decide, assuming that the testimony was not inherently incredible. Defendant's assertion of inconsistency between the testimony of Detective Marx at trial and at the remand hearing relating to the chronology of events does not per se render his testimony incredible. The issue of credibility was before the trial court and for that court to determine. The defendant has not demonstrated that the finding of the trial court was against the great weight and clear preponderance of the evidence. Since the determination of the trial court on the question of voluntariness is to be affirmed, the cause having been remanded for a determination on that question is now affirmed.

*By the Court.*—Judgments and orders affirmed.