TRIPLETT, Plaintiff in error, v. STATE, Defendant in error.

*No. State 96. Argued October 3, 1974.—Decided October 29, 1974.*
(Also reported in 222 N. W. 2d 689.)

For the plaintiff in error there was a brief and oral argument by *Bernard Goldstein* of Milwaukee.

For the defendant in error the cause was argued by *Christine M. Wiseman,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J. The three issues raised by the defendant by writ relate to sufficiencies: (1) Sufficiency of the evidence as to voluntariness of defendant's confession; (2) sufficiency of trial court finding as to admissibility of the confession; and (3) sufficiency of the evidence to support a conviction for first-degree murder, party to a crime.

*Sufficiency of evidence as to confession.*

As to the voluntariness of the oral statements and written confession made by defendant to the police, the trial court here found the issue presented to be one of credibility. Clearly it was. Usually it is.[1] In the case before us, the defendant testified that he was repeatedly beaten by police officers and that he was forced to write the confession because he could not take such beating any more. Two detectives, the arresting officer and an

---

[1] In *State v. Carter* (1966), 33 Wis. 2d 80, 90, 146 N. W. 2d 466, certiorari denied, 387 U. S. 911, 87 Sup. Ct. 1696, 18 L. Ed. 2d 630, as to disputed testimony at *Goodchild* hearings, this court observed, ". . . A determination of these important evidentiary facts is usually a matter depending upon the credibility of the witnesses and the weight of the testimony. . . ."

assistant district attorney testified for the state at the *Goodchild* hearing on admissibility of the confession. The arresting officer testified that neither he nor any other officer used any physical violence against the defendant. The two detectives testified that they were with the defendant during the interrogation at police headquarters and neither force nor promises were used. The deputy district attorney testified that during an hour long interrogation he observed no sign of injuries, nor did the defendant complain of any. The trial court rejected the defense testimony and accepted the testimony of the state's witnesses. This it had the right to do.[2]

A confession to be admissible in evidence must be the voluntary product of a free and unconstrained will.[3] Whether or not a confession is voluntary and not the product of coercion depends upon the "totality of the circumstances." [4] Thus the fundamental question for the trial court at the hearing was to determine whether the oral statements and written confession of the defendant were, under all the facts and circumstances, made voluntarily.[5] As was said of a similar situation, "This question was purely one of credibility for the trial

[2] *Id.* at page 90, this court stating: "In the matter of deciding the credibility of the witnesses and the weight of the testimony, in these [*i.e., Goodchild*-type hearings], as in all factual disputes, the trial court from his vantage point in the courtroom is in a much more advantageous position to make the determination than this court is from a review of the record, briefs, and arguments."

[3] *Phillips v. State* (1966), 29 Wis. 2d 521, 528, 139 N. W. 2d 41, citing *Pulaski v. State* (1964), 24 Wis. 2d 450, 129 N. W. 2d 204; *State v. Brown* (1964), 25 Wis. 2d 413, 130 N. W. 2d 760. *See also: State v. Hoyt* (1964), 21 Wis. 2d 284, 124 N. W. 2d 47, 128 N. W. 2d 645.

[4] *State v. Wallace* (1973), 59 Wis. 2d 66, 81, 207 N. W. 2d 855, citing *Fikes v. Alabama* (1957), 352 U. S. 191, 197, 77 Sup. Ct. 281, 1 L. Ed. 2d 246; *State v. Hoyt, supra,* footnote 3, at page 317; and *State v. Hunt* (1972), 53 Wis. 2d 734, 193 N. W. 2d 858.

[5] *Madkins v. State* (1971), 50 Wis. 2d 347, 352, 184 N. W. 2d 144.

court." [6] The issue of credibility was before the trial court and for that court to determine.[7] To reverse, the testimony here would have to demonstrate that the state testimony was untrustworthy and, furthermore, that the testimony of the defendant was credible.[8] We find that the trial court finding was not against the great weight and clear preponderance of the evidence.[9] While this court "has the power to review the evidentiary facts de novo where constitutional principles are involved, it does not follow that we must do so . . . ." [10] With the issue here involved revolving solely around the comparative credibility of witnesses, we see no reason for a de novo approach to review. The testimony of the state's witnesses was not inherently incredible or untrustworthy, and the conflict between state and defense witnesses was for the trial court to resolve. On the issue of credibility, this court is not to substitute its judgment for that of the trier of fact. We find no reason why the trial court's finding as to voluntariness should be disturbed.

*Sufficiency of findings as to admissibility.*

On the admissibility of the oral statements and written confession made by defendant to the police, the trial

[6] *Id.* at page 352.

[7] *Bosket v. State* (1972), 55 Wis. 2d 121, 124, 125, 197 N. W. 2d 767, this court holding: "Thus the real issue is one of credibility—who was telling the truth, the detective or the defendant. To reverse, the testimony must demonstrate that the detective was untrustworthy and furthermore that the testimony of the defendant was credible. This is a matter for the trial court to decide, assuming that the testimony was not inherently incredible. . . . The issue of credibility was before the trial court and for that court to determine. . . ."

[8] *Id.* at page 125.

[9] *Id.* at page 125, there the court also holding: ". . . The defendant has not demonstrated that the finding of the trial court was against the great weight and clear preponderance of the evidence. . . ."

[10] *State v. Carter, supra,* footnote 1, at pages 89, 90.

court concluded and found that ". . . the oral statements made by the defendant and the document submitted in writing signed by him were made freely and voluntarily without promises or coercion and that the statements and writing so made will be received in evidence when and if offered by the State." However, the trial court added: "The Court will supplement this with a written memorandum." This was not done, and defendant contends that the trial court here failed to make a sufficient finding of fact on the issue of voluntariness, and that the case should be remanded for such adequate finding of the fact.

In requiring that trial judges shall make a determination upon a proper record upon the issue of voluntariness,[11] this court provided that such determination is to be supported by findings of fact and conclusions of law.[12] In a subsequent case involving right to counsel, while the trial court there did not make a specific finding that a request was not made, this court held that ". . . it did make an ultimate fact-finding which we think under the circumstances negated the making of the request for counsel, . . ."[13] and upheld the trial court finding of admissibility of a confession. However, the making of specific and complete findings of fact underlying the constitutional question presented was "suggested."[14] In a

[11] *State ex rel. Goodchild v. Burke* (1965), 27 Wis. 2d 244, 264, 133 N. W. 2d 753, certiorari denied, 384 U. S. 1017, 86 Sup. Ct. 1941, 16 L. Ed. 2d 1039.

[12] *Id.* at page 265.

[13] *Phillips v. State, supra,* footnote 3, at page 528. *See also: La Claw v. State* (1968), 41 Wis. 2d 177, 185, 163 N. W. 2d 147, 165 N. W. 2d 152, where the judge failed to make a prior determination of voluntariness as to a statement made by defendant to police, this court held that the admission of such statement without any prior determination of voluntariness constituted error *and required reversal.* (Upon rehearing, discharge and release ordered on other grounds.)

[14] *Phillips v. State, supra,* footnote 3, at page 528.

case where the trial court did make detailed and complete findings of fact as to the admissibility of a confession, the suggestion became a direction that the trial court make detailed findings of the important evidentiary facts of the circumstances surrounding the confession.[15] And that case stated that, "[w]here the court has made detailed findings of fact as was done here, our review of the evidentiary or historical physical facts will be limited to the same review that is used in other factual disputes heard and determined by a trial judge. . . ." [16] While it was not helpful here for the trial court to promise a supplemental memorandum opinion, and then not keep the promise, we hold in the case before us that the finding made by the trial court was an adequate and sufficient finding of fact well beyond the ultimate finding of fact found adequate in *Phillips*,[17] and, with the issue presented held by the trial court to be "one of credibility," the finding of the trial court that there was credible evidence beyond a reasonable doubt to sustain the state's position is found sufficient and is upheld.

*Sufficiency of evidence to sustain conviction.*

As to the sufficiency of the evidence to support the conviction for first-degree murder, party to a crime, defendant's contention is grounded on the ". . . basic principle that proof of commission of a crime cannot be grounded on the admissions or confession of the accused

---

[15] *State v. Carter, supra,* footnote 1, at page 90, this court stating: "It was our purpose in both the *Goodchild* and *Phillips Cases* to direct that the trial court make detailed findings of the important evidentiary facts of the circumstances surrounding the confession for two reasons: (1) So that we have a reliable determination of the disputed facts, and (2) so that we have a definite enumeration of the facts disputed or undisputed for our review of the totality of the circumstances judged by constitutional standards."

[16] *Id.* at page 90.

[17] *Phillips v. State, supra,* footnote 3, at page 528.

alone." [18]  However, as to the need for corroborating evidence, all the elements of the crime do not have to be proved independently of an accused's confession—it is enough that there be some corroboration of the confession in order to sustain the conviction. [19]  As this court has put it, ". . . The corroboration, however, can be far less than is necessary to establish the crime independently of the confession. If there is corroboration of any significant fact, that is sufficient under the Wisconsin test." [20]

While the principal evidence adduced by the state as to the offense committed consisted of the oral statements and the written confession of the defendant, both made to the police, corroboration of many significant facts exists in the record here. One instance, itself sufficient, of such corroborative testimony was that of the fellow prison inmate who testified that in the spring of 1971 he had conversations with the defendant. He testified that during one such conversation the defendant, who was a cell hall worker at the reformatory at the time, was carrying a newspaper with Larry Campbell's picture in it. The fellow inmate testified the defendant told him that though the police had Campbell for the murder, he, the defendant, had actually been the one who committed it. Defendant stated that he "killed the pig." Furthermore, the same gun which was found on the seat of the car in which defendant and Campbell were driving was positively identified, to the exclusion of all others, as the weapon from which the bullets were fired which killed the merchant policeman. Additionally, a witness

[18] *Jackson v. State* (1965), 29 Wis. 2d 225, 231, 138 N. W. 2d 260. *See also: Barth v. State* (1965), 26 Wis. 2d 466, 132 N. W. 2d 578.

[19] *Id.* at page 232, quoting *Holt v. State* (1962), 17 Wis. 2d 468, 480, 117 N. W. 2d 626.

[20] *Holt v. State, supra,* footnote 19, at page 480.

who lived at the residence occupied by defendant testified that she observed defendant leave the apartment at approximately 1 a.m., taking with him a .45 automatic and four shells which had been lying on a table in the living room prior thereto. The same witness testified that approximately four to five hours later defendant knocked on the door and she awoke to let him re-enter the apartment. She testified that when he returned defendant was laughing and displayed two bullets to her, informing her that he had just "killed a pig." Without going further, it is clear that the record disclosed more than adequate corroborative evidence of significant facts concerning the offense. The attack on the ground of insufficient evidence to sustain conviction fails.

*Reversal in interest of justice.*

As to the suggestion that a reversal in the interest of justice is indicated, it is enough to quote the rule and test for such reversal:

". . . In order for this court to exercise its discretionary power under sec. 251.09, Stats., it should clearly appear from the record that for some reason it is probable there has been a miscarriage of justice. In order for this court to exercise its discretion and for such a probability to exist we would at least have to be convinced that the defendant should not have been found guilty and that justice demands the defendant be given another trial. . . ."[21]

It does not so appear, and we are not so convinced.

*By the Court.*—Judgment affirmed.

---

[21] *Lock v. State* (1966), 31 Wis. 2d 110, 118, 142 N. W. 2d 183.