STATE of Wisconsin, Plaintiff-Respondent,†

v.

Ronald V. MCCALLUM, Defendant-Appellant.

Court of Appeals

*No. 95–1518. Submitted on briefs October 19, 1995.—Decided November 14, 1995.*

(Also reported in 542 N.W.2d 184.)

†Petition to review granted.

For the defendant-appellant the cause was submitted on the brief of *Steven L. Miller* of *Miller & Miller* of Green Bay.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general and *Sharon Ruhly*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Ronald McCallum appeals an order denying his motion to withdraw his *Alford*[1] plea to one count of second-degree sexual assault. McCallum entered a plea of no contest while maintaining that he was innocent of the offense charged. McCallum contends that the trial court erroneously exercised its discretion when it refused to allow him to withdraw his plea due to a recantation of the allegation by the State's sole witness. Because we conclude the trial court applied the wrong standards of law to McCallum's motion to withdraw his plea and that a new trial is warranted, we reverse the order denying the motion and remand for further proceedings.

McCallum and Sandra L., the victim's mother, were living together during a period when Sandra and her husband were in the process of getting a divorce. H.L., Sandra's thirteen-year-old daughter and also a resident of that household, accused McCallum of touching her breast while the two of them were alone in the home. She first reported this allegation to her older sister, who then reported the complaint to social services. Shortly thereafter, H.L. gave a statement to police accusing McCallum of sexual assault.

McCallum was charged with one count of second-degree sexual assault and ultimately entered an *Alford*

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

plea to the allegation. McCallum was sentenced to three years' probation and was required to serve six months in the county jail and ordered not to reside within three city blocks of H.L. as conditions of probation.

Approximately fifteen months after her initial complaint, H.L. approached her mother and told her that she had lied about McCallum sexually assaulting her. Sandra advised her to either call McCallum's lawyer or write a letter. H.L. wrote a letter in which she recanted her allegation that McCallum grabbed her breast and explained that she had made the false allegation because she wanted to get McCallum out of her mother's life so that her parents could reconcile. Her signature to the letter was witnessed by her mother and grandmother.

At the postconviction hearing held on McCallum's motion to withdraw his plea, H.L. persisted in her claim that she had falsely accused McCallum of sexual assault. She testified that she falsely accused McCallum because she wanted her parents to reconcile, she resented McCallum for attempting to take her father's place, and she was angry at McCallum for disciplining her for her misconduct involving missing school and arriving home late.

H.L. explained that she first told her sister that McCallum sexually assaulted her because she was confident her sister would report the incident to social services. H.L. testified that a school friend told H.L. that her brother was removed from the household after she accused him of sexual assault. H.L. also testified that she made the specific allegation because there were no witnesses and no evidence. H.L. claimed that she came forward because her false allegation was bothering her conscience and she did not believe

McCallum should have a criminal record for something he did not do. H.L. denied that anyone had pressured her to recant and maintained that she had written the letter unassisted.

Sandra confirmed that there were disciplinary problems involving skipping school and arriving home late and that much of the disciplinary burden fell on McCallum because of her work schedule. Sandra maintained that even though she was skeptical of H.L.'s allegation, she never told H.L. nor implied she thought H.L. was lying. Sandra also testified that she put no pressure on H.L. to recant and that H.L.'s recantation was spontaneous and took her by surprise. Sandra suggested that H.L. either call McCallum's attorney or write a letter, urged H.L. to use her best judgment, and was unaware of H.L.'s decision until several days later when she was shown the letter. Sandra did acknowledge that she maintained her relationship with McCallum throughout the case and would like to live with him again; however, she denied ever telling H.L. of that fact or blaming H.L. for not being able to live with McCallum. The trial court denied McCallum's motion to withdraw his plea because it determined that there was no reasonable probability of a different result at a trial.

After sentencing, the trial court may grant a motion to withdraw a guilty or no contest plea only if the defendant proves by clear and convincing evidence that a "manifest injustice" would result if the motion was denied. *State v. Krieger*, 163 Wis. 2d 241, 249, 471 N.W.2d 599, 602 (Ct. App. 1991). The motion for the withdrawal of a guilty or no contest plea is addressed to the trial court's discretion and will be reversed only if the trial court failed to properly exercise its discretion.

*Id.* at 250, 471 N.W.2d at 602. Discretion based on an erroneous application of the law is an erroneous exercise of discretion. *State v. Martinez*, 150 Wis. 2d 62, 71, 440 N.W.2d 783, 787 (1989).

For newly discovered evidence to constitute a "manifest injustice," the defendant must demonstrate the following: (1) The evidence was discovered after trial; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; (4) the evidence is not merely cumulative; and (5) a reasonable probability exists that a different result would be reached in a new trial. *Krieger*, 163 Wis. 2d at 255, 471 N.W.2d at 604. A postconviction recantation by a witness may constitute newly discovered evidence requiring a new trial. *Zillmer v. State*, 39 Wis. 2d 607, 615-16, 159 N.W.2d 669, 673 (1968).

The State does not dispute that the recantation was discovered after trial, is material to an issue in the case and is not cumulative to other evidence. However, the State contends that McCallum was negligent in seeking the evidence because he did not further investigate H.L.'s false allegation. We disagree. McCallum's attorney attempted to challenge H.L.'s story at the preliminary hearing. Further, there were no other witnesses and little in the nature of investigation that could be done to discredit H.L.'s story. While McCallum theorized as to H.L.'s motives for a false allegation, they were only theoretical explanations until H.L. recanted the allegation and explained her reasons for it. Indeed, it was because H.L. was likely to be believed by the jury that McCallum decided to enter an *Alford* plea.

157

The next requirement is that there must be a reasonable probability of a different result. This requirement is met in this case if a reasonable jury could accept the recantation as true. This involves an examination of whether the recantation is credible, not a determination of which of the two, the allegation or recantation, is the truth. McCallum is not required to show that a different result is assured, merely that there is a reasonable probability of a different result. There would certainly be a different result if the jury were to accept the recantation as truthful. Therefore, if a reasonable jury could believe the recantation, it is sufficient to meet this requirement.

█

We conclude that a reasonable jury could believe the recantation because it is internally consistent, was given under oath, and H.L. was advised of the criminal consequences if the initial allegation was false. In addition, as we note later, the recantation is consistent with circumstances that existed at the time of the allegation as proven by other evidence. Because a reasonable jury could believe the recantation or at least the recantation could create a reasonable doubt as to the validity of the original allegation, the requirement of a reasonable probability of a different result is met.

█

The trial court applied the wrong standard when it determined that there was no reasonable probability that a different result would occur at trial. The trial court did not determine that a reasonable jury could not believe the recantation; it only determined that the recantation was less credible than the original allegation. Thus, the trial court chose between the allegation and recantation and determined which was true. Because the trial court concerned itself with truth

rather than determining whether a reasonable jury could believe the recantation, it applied an erroneous principle of law in its exercise of discretion which is a misuse of discretion requiring reversal. *See Martinez*, 150 Wis. 2d at 71, 440 N.W.2d at 787. It is the jury's role to determine which of the two contradictory statements it believes. When the trial court chose between the statements it determined the truth not whether a reasonable jury could believe and therefore intruded on the province of the jury.

We further conclude that the trial court correctly held that the recantation must be corroborated by other newly discovered evidence before a new trial is warranted. *Nicholas v. State*, 49 Wis. 2d 683, 694, 183 N.W.2d 11, 17 (1971). McCallum cites *State v. York*, 704 P.2d 1252, 1255 (Ct. App. Wash. 1985), for the proposition that the corroboration requirement should be eliminated. We are unpersuaded. The corroboration requirement has existed in Wisconsin since *Dunlavy v. Dairyland Mut. Ins. Co.*, 21 Wis. 2d 105, 124 N.W.2d 73 (1963), and has been reaffirmed repeatedly. *See Rohl v. State*, 64 Wis. 2d 443, 453, 219 N.W.2d 385, 389 (1974); *Zillmer*, 39 Wis. 2d at 615-16, 159 N.W.2d at 673; *State v. Marcum*, 166 Wis. 2d 908, 928, 480 N.W.2d 545, 555 (Ct. App. 1992). Accordingly, we conclude that Wisconsin requires corroboration with other newly discovered evidence before a recantation will warrant a new trial.

We conclude, however, that the degree and extent of the corroboration required varies from case to case based on its individual circumstances. Here, the sexual assault allegation was made under circumstances where no others witnessed the event. Further, there is

no physical evidence that could corroborate the original allegation or the recantation. Under these circumstances, requiring a defendant to redress a false allegation with significant independent corroboration of the falsity would place an impossible burden upon any wrongly accused defendant. We conclude, under the circumstances presented here, the existence of a feasible motive for the false testimony together with circumstantial guarantees of the trustworthiness of the recantation are sufficient to meet the corroboration requirement.

In this case, H.L.'s statement as to her motives to falsely accuse McCallum constitutes evidence supporting the validity of the recantation. H.L. testified that she made the false allegations because she wanted her parents to reconcile, she resented McCallum for trying to take her father's place, and she was angry at McCallum for disciplining her. H.L's testimony explaining her motives for falsely accusing McCallum given after the conviction constitutes newly discovered evidence. Therefore, evidence corroborating the truthfulness of the motive also qualifies as newly discovered evidence.

H.L.'s motives to falsify are feasible and can be corroborated by other evidence. This additional evidence provides the necessary circumstantial guarantees of trustworthiness. Examples of such evidence that could be verified include: Sandra and her husband's marital relationship at the time of the allegation, the disciplinary problems involving H.L.'s misconduct at the time of the allegation, and McCallum's administering discipline for her misconduct.

We conclude that Sandra's testimony provides the necessary corroboration. Sandra testified at the post-conviction hearing that she and her husband were

separated and in the process of getting a divorce at the time of the allegation, that there were disciplinary problems with H.L. skipping school and coming home late, that much of the disciplinary burden fell on McCallum at the time and that McCallum had administered the discipline for H.L.'s misconduct. These circumstances render the recantation plausible and are sufficient to meet the corroboration requirement when no other form of corroboration is possible. We therefore conclude that the trial court erred when it denied McCallum's motion to withdraw his plea. Accordingly, we reverse the order and direct the court to order a new trial.

*By the Court.*—Order reversed and cause remanded.