STATE of Wisconsin, Plaintiff-Respondent,

v.

TERRANCE J.W., Defendant-Appellant.

Court of Appeals

*No. 95–3511–CR. Submitted on briefs April 23, 1996.—Decided May 14, 1996.*

(Also reported in 550 N.W.2d 445.)

For the defendant-appellant the cause was submitted on the briefs of *Thomas J. Walsh* of *Walsh & Walsh, S.C.*, DePere.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle,* attorney general, and *William C. Wolford*, assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Terrance W. appeals an order denying his motion for a new trial which was based on the victim's recantation of his allegation that Terrance sexually assaulted him.[1] Terrance contends that the trial court erroneously exercised its discretion by denying his motion. Because we conclude that the trial court's finding that the recantation was not credible is not clearly erroneous, and there was insufficient corroboration to support the recantation, we affirm the order.

On March 25, 1993, Terrance was convicted of first-degree sexual assault of a child under the age of thirteen contrary to § 948.02(1), STATS. Terrance's son, J.W., was the victim of the sexual assault. In June 1995, Terrance filed a motion for a new trial based upon newly discovered evidence, which consisted of J.W.'s recantation of the sexual assault allegation. J.W. had written a letter to his father in which he told his father that he put him in jail because he was mad at him for marrying Gina, J.W.'s stepmother at the time of the alleged assault.

At the hearing on the motion for a new trial, J.W. testified that the sexual assault never happened and that his testimony at the trial was a lie. In addition, J.W. testified that he knew he could get in trouble for lying in court and that no one threatened him to make him recant. J.W. had explained that he lied at trial because he was angry at his father for marrying Gina and that Gina was mean to him when his father was not around.

J.W. testified that his uncle, Terrance's brother, promised him a go-cart if he would testify in court that he had lied. Further, J.W.'s mother testified that J.W. told her that his paternal grandmother urged him to

---

[1] We have deleted the appellant's surname in order to protect the identity of the victim of the sexual assault.

say that he lied at the trial. However, J.W. denied that his recantation was the result of pressures from his grandmother or the promise from his uncle. At J.W.'s grandmother's request, Nancy Woodke, a friend of the family, discussed with J.W. whether he lied at the trial. Woodke testified that after J.W. acknowledged that he had lied and she assured him that he would not be put in jail for telling the lie, he seemed happier, like the whole weight of the world had been lifted off his shoulders. The trial court denied the motion for a new trial concluding that J.W.'s recantation was not credible.

Motions for a new trial based on newly discovered evidence are entertained with great caution. *Erickson v. Clifton*, 265 Wis. 236, 240, 61 N.W.2d 329, 331 (1953). Such motions are submitted to the sound discretion of the trial court. *State v. Kaster*, 148 Wis. 2d 789, 801, 436 N.W.2d 891, 896 (Ct. App. 1989). We will affirm the trial court's exercise of discretion as long as it has a reasonable basis and was made in accordance with accepted legal standards and the facts of record. *State v. Jenkins*, 168 Wis. 2d 175, 186, 483 N.W.2d 262, 265 (Ct. App. 1992). The trial court may grant a new trial based on newly discovered evidence only if the following requirements are met: (1) the evidence was discovered after trial; (2) the moving party was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; (4) the evidence is not merely cumulative to the evidence that was introduced at trial; and (5) it is reasonably probable that a different result would be reached at a new trial. *Kaster*, 148 Wis. 2d at 800, 436 N.W.2d at 896. In addition, a recantation must be sufficiently corroborated by other newly discovered evidence before a new trial is warranted. *State v. McCallum*, 198 Wis. 2d 149, 159, 542 N.W.2d

500

184, 188 (Ct. App. 1995) (petition for review granted, Jan. 23, 1996); *see also State v. Marcum*, 166 Wis. 2d 908, 928, 480 N.W.2d 545, 555 (Ct. App. 1992).

By its very nature, a recantation will generally meet the first four criteria and these criteria are not disputed in this case. The determinative factors to be considered are whether it is reasonably probable that a different result would be reached at a new trial and whether the recantation is sufficiently corroborated by other newly discovered evidence.

■

We conclude that Terrance has failed to demonstrate that it is reasonably probable that a different result would be reached at a new trial. The trial court determined that J.W.'s recantation was not credible. The court based this finding on J.W.'s demeanor at the hearing, the fact that he never clearly answered why he lied at the first trial, and the pressures from J.W.'s grandmother and uncle. When the trial court makes findings of fact as to the credibility of witnesses, we will not upset those findings unless they are clearly erroneous. *State v. Herro*, 53 Wis. 2d 211, 215, 191 N.W.2d 889, 891 (1971). The trial court's finding that J.W.'s recantation was not credible is supported by the court's discussion regarding J.W.'s demeanor, J.W.'s explanation for lying and the pressures J.W. endured. This finding is not clearly erroneous. A determination that the recantation is not credible is sufficient to conclude that it is not reasonably probable that a different result would be reached at a new trial.

■

Terrance argues that *McCallum* requires a different result. We disagree. In *McCallum*, the trial court weighed the testimony given at trial with the testimony given in recantation. While the court apparently

found both statements credible, it nonetheless selected between the two and determined that the recantation was less credible. We held that between two credible statements it was the jury's function to determine which would be believed. *Id.* at 159, 542 N.W.2d at 188. In this case, however, the trial court found J.W.'s recantation not credible. Accordingly, there is no reasonable probability of a different result at a new trial.

█

Next, we address whether J.W.'s recantation was sufficiently corroborated by other newly discovered evidence. In *McCallum*, we concluded that the degree and extent of the corroboration required varies based on the circumstances of the case. *Id.* at 159, 542 N.W.2d at 188. In cases where no others witnessed the event and there is no physical evidence to corroborate the sexual assault allegation or the recantation, "the existence of a feasible motive for the false testimony together with circumstantial guarantees of the trustworthiness of the recantation are sufficient to meet the corroboration requirement." *Id.* at 160, 542 N.W.2d at 188. We suggested that sufficient corroboration in such cases could be found from the motive for testifying falsely, facts supporting the motive, the internal consistency of the recantation, the witness's awareness of the consequences for testifying falsely, and the lack of external pressures encouraging the recantation.

Terrance argues that the same fact pattern exists in this case as existed in *McCallum*, and therefore he has met the corroboration requirement. We disagree. While J.W. testified that he was aware of the consequences for testifying falsely, the other factors present in *McCallum* are not present in this case. First, as the trial court noted, J.W.'s recantation is not internally consistent. J.W.'s alleged motive for testifying falsely

502

at the trial was that he was angry at his father for marrying Gina and that Gina was mean to him when they were alone. J.W. did not explain how he reasoned a false allegation of sexual assault against his father would isolate him from his stepmother. The recantation also fails to explain the basis upon which he remained silent about the false allegation for over two years and what motivated his decision to recant his former testimony.

By contrast, the recantation in *McCallum* was internally consistent. The witness testified that she falsely accused her mother's boyfriend of sexual assault because she wanted her parents to reconcile and she was angry at the boyfriend for disciplining her. A school friend told the witness that her brother was removed from the household after she accused him of sexual assault. The witness also testified that she came forward because the false allegation was bothering her conscience and she did not believe McCallum should have a criminal record for something he did not do. In Terrance's case, the recantation testimony lacks the internal consistency and logical motives supporting both the reason for the false allegation and the reason for recantation present in *McCallum*.

In addition, there was no evidence in *McCallum* that the witness was subject to pressures by anyone to recant her previous testimony. She testified that the decision to recant was her's and her's alone based upon the reasons she articulated. In this case, both J.W.'s grandmother and uncle pressured J.W. to recant. Not only was J.W. urged to recant, he was promised a reward if he would do so. Even though J.W. had resided with his mother and stepfather since his father's incarceration, he was not isolated from these external pressures. The existence of these pressures on a ten-

503

year-old child is significantly different from the facts of *McCallum*.

In the instant case, the recantation lacked internal consistency, the explanation for both testifying falsely and recanting were unpersuasive, and J.W. received pressure to recant. We therefore conclude that Terrance has not met the corroboration requirement.

We conclude that Terrance has read *McCallum* much too broadly and that *McCallum* does not support his contention that the trial court erred by denying his motion. Because we conclude that the trial court's finding that the recantation was not credible is not clearly erroneous, and there was insufficient corroboration to support the recantation, we affirm the order.

*By the Court.*—Order affirmed.