BRENNAN, J.
¶1 Brinkley L. Bridges appeals a judgment of conviction, entered on his guilty plea, for three felony drug counts and two felony gun counts. He moved unsuccessfully for plea withdrawal on the grounds of ineffective assistance of counsel, and he appeals the order denying his postconviction motion without a hearing.[1] Bridges argues that his attorney rendered constitutionally ineffective assistance by: (1) failing to argue that the warrant for the tracking of his cell phone was based on an affidavit that did not establish probable cause-specifically that it contained no "statement showing personal knowledge that Bridges used this phone to conduct illegal drug transactions"; and (2) failing to argue that all the evidence obtained as a result of the warrant was tainted and should be suppressed. Bridges seeks an evidentiary hearing on his claim.
¶2 We conclude that Bridges has failed to meet his burden of establishing that the facts in the affidavit were clearly insufficient to support probable cause. See WIS. STAT. § 968.373(3)(e) (2015-16).[2] See State v. Multaler , 2002 WI 35, ¶8, 252 Wis.2d 54, 643 N.W.2d 437. We also conclude that the warrant-issuing magistrate "had a substantial basis to conclude that the probable cause existed." See State v. Ward , 2000 WI 3, ¶21, 231 Wis.2d 723, 604 N.W.2d 517. Consequently, there is no basis to suppress the evidence discovered as a result of the search. We therefore affirm.
BACKGROUND
¶3 A Drug Enforcement Agency (DEA) special agent obtained a warrant to track Bridges' cell phone as a part of an ongoing investigation into Bridges' involvement in selling heroin. In the affidavit submitted with the warrant application on January 20, 2015, the agent averred the following:
- Bridges was a primary target of an investigation into heroin distribution and "has been using the telephone number of 414-469-6376[.]"
- A confidential informant "provided additional detailed information regarding vehicles owned and/or used by Bridges as well as Bridges possessing a cellular phone number of 414-469-6376; that affiant was able to corroborate this information through examining records maintained on other data bases as being truthful and accurate[.]"
- The confidential informant had, in 2014, conducted "numerous heroin transactions with Bridges receiving, in total, an estimated one-half kilogram of heroin[.]"
- The confidential informant made statements against penal interest about participating in the distribution of heroin, "indicating the price and amount of heroin purchased from [Bridges], the delivery arrangements, the date and time of the most recent delivery to the confidential informant[.]"
- The confidential informant stated that Bridges sold heroin out of a business named C&B Computers, and affiant was able to confirm the location of the business. The confidential informant stated that Bridges had been traveling to Chicago every three weeks to obtain a kilogram of heroin and sometimes obtained cocaine as well.
- The confidential informant stated that Bridges had a residence in an apartment complex on West Pierce Street in Milwaukee. The affiant confirmed the address of an apartment where Bridges paid the rent by obtaining confirmation from the manager of the apartment.
- The affiant confirmed that the vehicle assigned to the parking space at that apartment was registered to Bridges.
¶4 Information that the police gathered from tracking the cell phone was subsequently used in a January 28, 2015 search warrant application for a residence on North 60th Street in Milwaukee. When the search warrant was executed at 7:15 a.m. January 29, 2015, police seized evidence and arrested Bridges. Bridges gave police a statement.
¶5 Bridges was charged with two counts of possession of a firearm by a felon and three counts of possession with intent to deliver as a second or subsequent offense (one count each for possession of heroin, cocaine, and marijuana). He entered a guilty plea to all five counts and was sentenced. Following sentencing, Bridges moved to withdraw his guilty plea, alleging ineffective assistance of counsel for failing to argue that the affidavit did not establish probable cause for the search warrant. The postconviction court denied his motion without a hearing on the grounds that "the defendant's motion entirely fails to address any of the prevailing standards under Wisconsin law governing the requisite showing of probable cause" and instead had relied on case law from other jurisdictions. It further rejected Bridges' unsupported claim that the affidavit contained a false statement and concluded that the allegedly false statement was in any event unnecessary to find probable cause. Bridges appeals the judgment of conviction and postconviction order.
DISCUSSION
I. Standard of review and relevant law.
Ineffectiveness Standard
¶6 The issue in this case arises in the context of an attempt at plea withdrawal based on ineffective assistance of counsel. A defendant seeking to withdraw a guilty plea must establish that plea withdrawal is necessary to correct a manifest injustice. See State v. Cain , 2012 WI 68, ¶25, 342 Wis.2d 1, 816 N.W.2d 177. A showing of ineffective assistance of counsel satisfies that standard. State v. Bentley , 201 Wis.2d 303, 311, 548 N.W.2d 50 (1996). To show constitutionally ineffective assistance of counsel, the defendant must show that counsel performed deficiently-that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington , 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to make a meritless legal argument is not deficient performance. See State v. Wheat , 2002 WI App 153, ¶14, 256 Wis.2d 270, 647 N.W.2d 441. The appellant must, if deficient performance is established, also show that the deficiency was prejudicial. Strickland , 466 U.S. at 687, 104 S.Ct. 2052.
Probable Cause for Cell Phone Tracking Search Warrant
¶7 "Review of the warrant-issuing judge's finding of probable cause is not de novo ." State v. DeSmidt , 155 Wis.2d 119, 132, 454 N.W.2d 780 (1990). "We accord great deference to the warrant-issuing judge's determination of probable cause, and that determination will stand unless the defendant establishes that the facts are clearly insufficient to support a finding of probable cause." Multaler , 252 Wis.2d 54, ¶7, 643 N.W.2d 437 (citing State v. Higginbotham , 162 Wis.2d 978, 989, 471 N.W.2d 24 (1991) ). Thus, "[t]he burden of proof in a challenge to the existence of probable cause for the issuance of a search warrant is clearly with the defendant." State v. Edwards , 98 Wis.2d 367, 376, 297 N.W.2d 12 (1980). We determine whether the magistrate had a substantial basis for concluding that probable cause existed. See Ward , 231 Wis.2d 723, ¶21, 604 N.W.2d 517. Stated another way, we determine whether the issuing magistrate had "sufficient facts to excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime, and that they will be found in the place to be searched." Id. , ¶27 (citations omitted).
II. It is well-established law that the test for probable cause in a warrant affidavit is whether there is a fair probability that evidence of a crime will be in a particular place.
¶8 Bridges' argument on review is that the facts in the affidavit were insufficient allegations linking the phone to be searched with the drug trafficking being investigated . He asserts that as a matter of law, two federal district court cases require specific allegations, based on personal knowledge, that the phone to be searched was used in the crime to be investigated. Relatedly, he argues that none of the confidential informant's allegations about the phone were credible or corroborated. We conclude that he is wrong on the law regarding what allegations are required to establish a link between the phone and the criminal activity, and wrong in his assessment of the weight of the evidence in the affidavit that supports the confidential informant's credibility.
¶9 We first examine the law. The rule governing warrants for cell phone tracking is established by Wisconsin statute, which provides in relevant part:
(3) Application for warrant. Upon the request of a district attorney or the attorney general, an investigative or law enforcement officer may apply to a judge for a warrant to authorize a person to identify or track the location of a communications device. The application shall be under oath or affirmation, may be in writing or oral, and may be based upon personal knowledge or information and belief. In the application, the investigative or law enforcement officer shall do all of the following:
(a) Identify the communications device.
(b) Identify, if known, the owners or possessors of the communications device.
(c) Identify, if known, the person who is the subject of the investigation.
(d) Provide a statement of the criminal offense to which the information likely to be obtained relates.
(e) Provide a statement that sets forth facts and circumstances that provide probable cause to believe the criminal activity has been, is, or will be in progress and that identifying or tracking the communications device will yield information relevant to an ongoing criminal investigation.
WIS. STAT. § 968.373(3). It is this last paragraph on which Bridges' linkage argument is based. We thus examine whether the affidavit provided "clearly insufficient" allegations that the communications device here, i.e., the phone, would yield information relevant to the drug trafficking investigation.
¶10 We employ the United States Supreme Court and Wisconsin tests for probable cause in a search warrant. The analysis of this question is well-settled law. The warrant-issuing court must "make a practical, common-sense decision whether," under the totality of the circumstances, "there is a fair probability that ... evidence of a crime will be found in a particular place." Multaler , 252 Wis.2d 54, ¶8, 643 N.W.2d 437 ; see also Illinois v. Gates , 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "In addition, the warrant judge may draw reasonable inferences from the evidence presented in the affidavit." Multaler , 252 Wis.2d 54, ¶8, 643 N.W.2d 437. The level of probable cause required is less than the level required for preliminary hearing bindover. See State v. Lindgren , 2004 WI App 159, ¶20, 275 Wis.2d 851, 687 N.W.2d 60.
¶11 Bridges argues that the affidavit does not contain an allegation that a witness personally observed the phone being used to sell drugs, and the affidavit cannot establish probable cause without such personal knowledge. For support he relies on two outlier federal district court decisions. See United States v. Powell , 943 F.Supp.2d 759, 783 (E.D. Mich. 2013), aff'd, 847 F.3d 760 (6th Cir. 2017), and United States v. Moore , No. 15-116, unpublished slip op. at 8, 2015 WL 8779926 (D. Minn. Dec. 15, 2015). The decisions are neither well-reasoned nor precedential, see Burbank Grease Servs. , LLC v. Sokolowski , 2006 WI 103, ¶32, 294 Wis.2d 274, 717 N.W.2d 781. Both impose a higher probable cause level than is required by present United States Supreme Court decisions. In addition, neither case examined and interpreted a state statute specifically authorizing tracking warrants. In fact, there is no indication in those cases that either state has a statute like Wisconsin's.
¶12 In Powell , the court found that probable cause had not been established for a cell phone tracking warrant because "although the affidavit states that [an informant] communicated with Powell in furtherance of the narcotics trafficking, it does not state that [the informant] and Powell communicated by cell phone, or that [the informant] contacted Powell at the specific cell-phone number at issue here." Id. , 943 F.Supp.2d at 783. In Moore , the district court found there was not probable cause for such a warrant where the affiant "did not assert that the [confidential informant] told him that the [confidential informant] had spoken with [defendant] using the ... phone[.]" Id. , No. 15-116, at 8.
¶13 We find no controlling law that establishes such a specific "use of the phone" requirement. We apply the law governing probable cause determinations as set forth by the Supreme Court in Gates :
The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.
Id. , 462 U.S. at 238-39 (citation omitted).
¶14 That standard cannot be reconciled with the per se rule for which Bridges argues: that probable cause for purposes of WIS. STAT. § 968.373 cannot be established without an explicit statement of an affiant's personal knowledge of a cell phone's use in criminal activity. Under the statute, the affidavit must establish probable cause that "tracking the communications device will yield information relevant to an ongoing criminal investigation." See § 968.373. Probable cause-a "fair probability" that relevant evidence will be found in a particular place-must be established by sufficient evidence set forth in the affidavit, but neither the probable cause standard nor the statute demands that an affiant or witness must personally witness the phone being used in criminal activity. See id.
III. The evidence in the affidavit here met the test for probable cause.
¶15 We apply the above principles here and conclude that the "linkage" evidence created more than a fair probability, viewed objectively, under the totality of the circumstances review, that tracking this cell phone would yield information relevant to Bridges' drug dealing. See Multaler , 252 Wis.2d 54, ¶8, 643 N.W.2d 437. In the January 2015 warrant application, the DEA special agent, swore that a confidential informant advised police of Bridges' cell phone number, which police then independently corroborated. The informant advised that Bridges was dealing heroin and traveled to Chicago every three weeks to procure a kilogram of heroin and sometimes cocaine to sell in Milwaukee, and the informant knew this because he or she had participated in many of these transactions and had received a half kilogram of heroin in the transactions. The affiant averred that with a warrant the police could obtain information from the phone that would be relevant to the drug trafficking investigation based on the officers' experience that cell phones are used to set up the purchases and sales. This evidence showed at least a fair probability that the phone would show evidence of criminal drug dealing.
¶16 Likewise, we conclude that the evidence supporting the confidential informant's credibility was sufficient to create probable cause to the minimal level required of a search warrant affidavit. The credibility of a confidential informant does not rest on the corroboration of any particular piece of information. A court assesses a confidential informant's reliability considering the totality of the circumstances. State v. Boggess , 115 Wis.2d 443, 455, 340 N.W.2d 516 (1983), Gates , 462 U.S. at 242-43, 103 S.Ct. 2317. "Under this approach, no single factor is dispositive of reliability." State v. Moretto , 144 Wis.2d 171, 186, 423 N.W.2d 841 (1988). "Instead, several factors are considered such as the basis of the informant's information, the specificity of the information, and independent corroboration of the information by an officer." Id. "A deficiency in one indicia of reliability may be compensated for by a strong showing of some other indicia of reliability." Id. Specific details from an informant that are independently corroborated by police can "render[ ] the information reliable." See id. ("the detail of [the citizen's] information about [the defendant] and the fact that much of this information was independently verified by [the officer's] firsthand observations ... renders the information reliable").
¶17 Bridges argues that there is no proof that the confidential informant's statements about his involvement in the drug transactions were true, and therefore they cannot be considered statements against his penal interest. He even goes so far as to argue, without any support, that the informant intentionally lied about his involvement in the heroin sales. This argument is neither developed nor supported so we need not address it. See State v. Pettit , 171 Wis.2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992) (the court of appeals ordinarily will not address undeveloped arguments).
¶18 Similarly Bridges argues that there was no proof that the informant gave them Bridges' true phone number, car, residence, or employment. But the affiant specifically corroborated all of those facts independently. Thus the evidence shows that there was at least a fair probability that the informant was reliable and that Bridges' phone would reveal evidence of the drug transactions. It also meets the test articulated in Ward :
Therefore, we must consider whether objectively viewed, the record before the warrant-issuing judge provided "sufficient facts to excite an honest belief in a reasonable mind that the objects sought are linked with the commission of a crime, and that they will be found in the place to be searched."
Ward , 231 Wis.2d 723, ¶27, 604 N.W.2d 517 (citations omitted).
¶19 Bridges cites to cases that set forth the rule requiring corroboration of a defendant's confession to a crime and argues that this level of corroboration is lacking here. See , e.g., State v. Verhasselt , 83 Wis.2d 647, 661, 266 N.W.2d 342 (1978) ("conviction of a crime may not be grounded on the admission or confessions of the accused alone"); Triplett v. State , 65 Wis.2d 365, 372, 222 N.W.2d 689 (1974) (stating that conviction may be based on a confession "[i]f there is corroboration of any significant fact"). But these cases do not address probable cause determinations based on confidential informants and are inapplicable in this context. The fact that factual corroboration is required to sustain a conviction creates no standard for establishing an informant's credibility for purposes of establishing probable cause. As noted above, the trial court that reviewed the affidavit detailed the ways in which the affiant verified the detailed information provided by the confidential informant in this case. As the trial court concluded, "the [confidential informant] had provided objectively verifiable information that showed him/her to be truthful and reliable," and there was no question of the informant's reliability here.
CONCLUSION
¶20 We therefore reject Bridges' arguments on the insufficiency of the affidavit to support probable cause and the claim of ineffective assistance of counsel that was premised on his warrant arguments. We affirm the trial court's order denying without a hearing his motion for a new trial. The judgment of conviction is also affirmed.
By the Court. -Judgment and order affirmed.
Not recommended for publication in the official reports.

The Honorable Daniel L. Konkol entered the judgment of conviction and the Honorable David C. Swanson denied Bridges' postconviction motion.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.