STATE, Respondent, vs. GODSEY, Appellant.

*February 10—March 6, 1956.*

For the appellant there were briefs and oral argument by *Vance L. Sinclair* of Chippewa Falls.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, attorneys, and *John H. Bowers,* law examiner, of counsel, and oral argument by *Mr. Platz.*

GEHL, J. Defendant contends that the verdict finds no support in the testimony. The state concedes that the fact that the property, an automobile, was stolen, is an essential element of the crime and that there is no direct evidence of the fact. It contends, however, that there is circumstantial evidence which supports the verdict. The facts relied upon are that defendant failed to produce any evidence of ownership, he did not claim to possess registered title, and his testimony as to how and under what circumstances he came into possession of the automobile is contradictory and unsatisfactory.

We consider that while defendant's testimony is of a character as to throw some doubt on the question as to his right to the possession of the automobile, there is still an entire lack of evidence that he received it "knowing the same to have been stolen." Sec. 343.19, Stats.

"The unexplained possession by one person of goods belonging to another does not establish that a theft has been committed; . . .

"Since . . . the thief cannot be guilty of receiving stolen goods which he himself has stolen, the evidence in a prosecution for receiving stolen property must be sufficient to show that the property had been stolen or unlawfully obtained by some one other than accused, . . ." 76 C. J. S., Receiving Stolen Goods, pp. 42, 43, sec. 19.

"A previous theft of the property, with all the elements of that offense, must affirmatively appear, and if it does not,

or if the fact appears that the property was not stolen, as where the original taking from the owner was without felonious intent or was not against his will or consent, the receiver is not guilty of receiving stolen property." 45 Am. Jur., Receiving Stolen Property, p. 387, sec. 5.

The conviction cannot be sustained.

The state urges that if it be determined that the evidence does not support the verdict we remand the cause for a new trial, and cites a number of authorities which it contends support its position that to do so would not violate the constitutional provision that no person shall for the same offense be put twice in jeopardy. In view of the conclusion at which we have arrived, we deem it unnecessary to seek the answer to the question whether we might grant a new trial.

It does not appear from the record that the state was unable to produce at the trial the evidence which it says is now available and which it would offer at a second trial. The defendant has been tried for the offense charged and was entitled to an acquittal. He was arrested on March 8, 1955, and has been in the county jail and the state prison for a period of within a few days of a year, the minimum sentence imposed by the court. We do not believe that under these circumstances he should be required to stand another trial.

*By the Court.*—The judgment is reversed, and the cause is remanded with directions to discharge the defendant from further custody. The warden of the state prison will deliver him into the custody of the sheriff of Chippewa county, who will hold him in custody until discharged pursuant to this direction.