STATE of Wisconsin, Plaintiff-Appellant,

v.

Michel Kordas, Defendant-Respondent.†

Court of Appeals

*No. 94–0719–CR. Submitted on briefs November 1, 1994.—Decided January 17, 1995.*

(Also reported in 528 N.W.2d 483.)

†Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

For the defendant-respondent the cause was submitted on the briefs of *Gimbel, Reilly, Guerin & Brown*, with *Franklyn M. Gimbel, Kathryn A. Keppel*, and *Raymond M. Dall'Osto* of Milwaukee.

Before Sullivan, Fine and Schudson, JJ.

SCHUDSON, J.   The State of Wisconsin appeals from the trial court order upholding the decision of a judicial court commissioner to dismiss an amended criminal complaint that charged Michel Kordas with attempt to receive stolen property. The trial court concluded that it is legally impossible to commit attempt to receive stolen property where, in fact, the property is not stolen. We reverse.

The facts relevant to this appeal are undisputed. The amended complaint charged Kordas with buying a Harley-Davidson motorcycle from an undercover police officer. The police had modified the cycle and made misrepresentations about the cycle to Kordas so that it appeared to be stolen when, in fact, it actually "had been provided to the Milwaukee Police Department for educational purposes." As the trial court's decision summarized:

> The State alleges that the undercover officer gave Kordas certain information about the motorcycle

which signalled that it was stolen. Specifically, the undercover officer represented that the motorcycle in question was a 1988 Harley Dynaglide, although Harley did not begin making that model until 1991, a fact which Kordas later acknowledged knowing at the time. In addition, the vehicle identification number on the motorcycle had been altered in an obvious way, again a fact which Kordas later acknowledged knowing at the time he examined the motorcycle prior to purchasing it.

Kordas ultimately bought the motorcycle, was given what purported to be title to it and took it with him in a van before he was stopped and arrested by backup officers working on the undercover operation. The complaint indicates that Kordas made additional admissions to the police upon his arrest indicating his knowledge that the motorcycle was stolen. In fact, however, the motorcycle was not stolen.

The sufficiency of a criminal complaint is a question of law, which we independently review. *State v. Barman*, 183 Wis. 2d 180, 201, 515 N.W.2d 493, 503 (Ct. App. 1994). Additionally, we independently review issues involving statutory interpretation and application to a particular set of facts. *State v. Keith*, 175 Wis. 2d 75, 78, 498 N.W.2d 865, 866 (Ct. App. 1993).

Section 943.34, STATS., provides that receiving stolen property is committed by one who "intentionally receives or conceals stolen property." Section 939.32(3), STATS., defines "attempt." It provides:

> An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that he does acts toward the commission of the crime which demonstrate unequivocally,

127

under all the circumstances, that he formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

The trial court concluded:

Here, the allegations are that Kordas had the requisite intent but his actions even after they were fully executed did not constitute the crime and therefore it was an "attempt" under Wis. Stat. 939.32. But there was no "intervention of another person or some other extraneous factor" which prevented the ultimate commission of the acts which the defendant intended. Instead, the intended acts were completed but the results were not criminal because of the legal status of the property in question.

Although the trial court offered a thoughtful analysis of the law of legal impossibility, and although the parties' briefs to this court provide intricate discussions of whether legal impossibility is ever a viable defense under Wisconsin law, we need not address that broader issue. Under the statutes and well-settled authorities, the amended complaint in this case clearly alleged a legally possible crime.

Receiving stolen property cannot be committed unless the property received was actually stolen. *State v. Godsey*, 272 Wis. 406, 407-408, 75 N.W.2d 572, 573 (1956). Thus, despite the alleged completion of the transaction between Kordas and the undercover officer, the parties agree that Kordas could not be charged with receiving stolen property. That, however, does not preclude the charge of attempt to receive stolen property.

There are two elements to the "attempt" to commit a crime: "a criminal intent and some acts in furtherance of the intent." *Berry v. State*, 90 Wis. 2d 316, 326, 280 N.W.2d 204, 209 (1979), *cert. denied*, 444 U.S. 1020 (1980). The intervention of some extraneous factor that prevents commission of a crime is irrelevant to a defendant's *attempt* to commit the crime unless the factor "may negate any inference that the actor did in fact possess the necessary criminal intent to commit the crime in question." *Id.* at 327, 280 N.W.2d at 209.

Thus, a defense of legal impossibility is no defense to an *attempt* to commit a crime, absent the defendant's "mistake." Section 939.43(1), STATS., defines the defense of "mistake":

> An honest error, whether of fact or of law other than criminal law, is a defense *if it negatives the existence of a state of mind essential to the crime*.

(Emphasis added.) Therefore, a fact of which a defendant has no knowledge, such as the fact that an apparently stolen motorcycle is *not* stolen, cannot form the basis for the defense of mistake. As the supreme court explained, "[s]ound public policy" supports the view that:

> impossibility not apparent to the actor should not absolve him from the offense of attempt to commit the crime he intended. . . . In so far as the actor knows, he has done everything necessary to insure the commission of the crime intended, and he should not escape punishment because of the fortuitous circumstance that by reason of some fact unknown to him it was impossible to effectuate the intended result.

*State v. Damms*, 9 Wis. 2d 183, 190-191, 100 N.W.2d 592, 596 (1960) (impossibility for defendant to commit murder because gun was not loaded did not preclude conviction for *attempted* murder where defendant intended to kill and believed gun was loaded).

The trial court based its conclusion on the view that "there was no 'intervention of . . . some other extraneous factor' which prevented the ultimate commission" of receiving stolen property. We disagree. Indeed, an extraneous factor did intervene—the fact, beyond Kordas's knowledge or control, that the motorcycle was *not* stolen property. But for that factor, Kordas allegedly would have committed the crime of receiving stolen property. Because of that factor, Kordas allegedly committed only the attempt to receive stolen property.

According to the allegations in the amended complaint, Kordas "did in fact possess the necessary criminal intent to commit" the crime of receiving stolen property. *See Berry*, 90 Wis. 2d at 327, 280 N.W.2d at 209. The extraneous factor—that the motorcycle was not stolen—was unknown to him and had no impact on his intent. Thus, the legal "impossibility not apparent to [Kordas] should not absolve him from the offense of attempt to commit the crime he intended." *See Damms*, 9 Wis. 2d at 190-191, 100 N.W.2d at 596. Accordingly, we reverse the order dismissing the amended criminal complaint and remand to the trial court for further proceedings.

*By the Court.*—Order reversed and cause remanded with directions.