STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy P. KOENCK, Defendant-Appellant.†

Court of Appeals

*No. 00–2684–CR. Submitted on briefs January 26, 2001.—Decided March 7, 2001.*

## 2001 WI App 93

(Also reported in 626 N.W.2d 359.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Lew A. Wasserman* of *Kies & Wasserman* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jennifer E. Nashold*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, Anderson and Snyder, JJ.

¶ 1. SNYDER, J. Timothy P. Koenck appeals from the trial court's order denying his motion to dismiss the criminal complaint filed against him. Koenck makes several arguments in support of his claim that charges against him alleging child enticement, in violation of WIS. STAT. § 948.07 (1997–98),[1] must be dismissed. We affirm the trial court's order.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

## FACTS

¶ 2. On July 7, 2000, Special Agent Robin Broeske of the Wisconsin Department of Justice, Division of Criminal Investigation (DCI), had contact with an individual identified as Nancy A.C. Nancy was a forty-six-year-old private citizen, Pennsylvania resident and co-founder of a group called Internetwatch; Internetwatch is described as an organization that monitors the internet, mostly for child pornography. Nancy created profiles of young girls and communicated with individuals on the internet using these fictitious profiles. Nancy turned inappropriate responses over to law enforcement for investigation.

¶ 3. In December 1999, Nancy created a profile of twin girls, "Teddie" and "Georgie," who were almost twelve years old. Nancy then communicated with Koenck, and thereafter saved all of the communications between Koenck and "Teddie" and "Georgie." In some of the communications, Koenck expressed an interest in having sexual intercourse and contact with "Teddie" and "Georgie." Eventually, Nancy informed Koenck, a resident of the state of Iowa, that "Teddie" and "Georgie" would be coming to Wisconsin in July 2000, staying with a relative in Waukesha county. Nancy informed authorities that Koenck had "immediately expressed an interest in coming to Wisconsin to meet" with "Teddie" and "Georgie." According to Nancy, Koenck expressed an interest in marrying "Teddie" and possibly adopting both "Teddie" and "Georgie."

¶ 4. Special agent Broeske examined various chat log documents provided by Nancy and specifically noted that the screen name used by Nancy was "teddie_bear_11" and that "Teddie" had been corresponding with someone using the screen name

"dirtboy69." Internet provider Yahoo indicated that the screen name "dirtboy69" belonged to Koenck's account. According to Broeske, during a June 29, 2000 electronic conversation, "dirtboy69" specifically wrote that he had rented a hotel room in Waukesha county in order to have "various types" of sexual intercourse and contact with both "Teddie" and "Georgie."

¶ 5. On July 3, 2000, Broeske, with the assistance of a DCI intern and another person, placed a phone call to Koenck's residence in Algona, Iowa. The intern and the other person, posing as "Teddie" and "Georgie," confirmed with Koenck their plans for July 6 and 7, 2000, in Wisconsin. Koenck again expressed an interest in performing "acts of sexual gratification" on both "Teddie" and "Georgie." Koenck provided a phone number for the Courtyard by Marriott hotel, indicating he would be staying there after traveling to Wisconsin from Iowa to meet the twins. On July 7, 2000, the DCI intern and the other person called Koenck's hotel and made arrangements for a meeting between Koenck and "Teddie" and "Georgie" at a McDonald's restaurant located at 300 North Moorland Road in Brookfield, Wisconsin.

¶ 6. Agents, having set up surveillance on Koenck's car, watched him enter his car shortly after 12:00 p.m. and drive to the vicinity of the above-named McDonald's. Koenck parked his vehicle in the parking lot of a neighboring bank, exited and began walking towards the McDonald's, at which point he was arrested by the Brookfield police department. Koenck admitted that he had traveled from Iowa to Waukesha to meet with "Teddie" and "Georgie," whom he believed to be twelve years old and whom he had met on the internet. Koenck further stated that he intended to have intercourse with both "Teddie" and "Georgie."

¶ 7. On July 10, 2000, Koenck was charged with two counts of violating WIS. STAT. § 948.07(1). The charging portion of the complaint alleges, in two identical paragraphs, that

> [o]n or about July 7, 2000, in the area of 300 North Moorland Road, City of Brookfield, Waukesha County, Wisconsin, the defendant, Timothy Peter Koenck, did: with the intent to have sexual contact or sexual intercourse with a child, in violation of Section 948.02, Wisconsin Statutes, attempt to cause any child who has not attained the age of 18 to go into any vehicle, building, room or secluded place, contrary to Section 948.07(1), Wisconsin Statutes.

On July 31, 2000, Koenck filed a motion to dismiss the complaint. On September 25, 2000, the court denied this motion. On October 25, 2000, Koenck filed a petition for leave to appeal the circuit court's nonfinal order. We granted leave to appeal on one issue: whether in a prosecution under § 948.07 the charges must be dismissed because the State cannot prove that the victim had not attained the age of eighteen.

## DISCUSSION

■

¶ 8. The issue before us, the analysis of WIS. STAT. § 948.07, entails the interpretation of a statute, a question of law which we review de novo. *State v. Church*, 223 Wis. 2d 641, 649, 589 N.W.2d 638 (Ct. App. 1998), *review dismissed*, 236 Wis. 2d 755, 613 N.W.2d 848 (Wis. July 11, 2000) (No. 97–3140-CR); *State v. Briggs*, 218 Wis. 2d 61, 65, 579 N.W.2d 783 (Ct. App. 1998).

■ ¶ 9. WISCONSIN STAT. § 948.07 prohibits child enticement and states:

> Whoever, with intent to commit any of the following acts, causes or attempts to cause any child who has not attained the age of 18 years to go into any vehicle, building, room or secluded place is guilty of a Class BC felony:
>
> **(1)** Having sexual contact or sexual intercourse with the child . . . .
>
> **(2)** Causing the child to engage in prostitution.
>
> **(3)** Exposing a sex organ to the child or causing the child to expose a sex organ . . . .
>
> **(4)** Taking a picture or making an audio recording of the child engaging in sexually explicit conduct.
>
> **(5)** Causing bodily or mental harm to the child.
>
> **(6)** Giving or selling to the child a controlled substance or controlled substance analog . . . .

Section 948.07 prohibits individuals from causing or attempting to cause a child to go to a secluded place in order to facilitate some illegal conduct; its aim is to address the social evil of removing children from the protection of the general public. *State v. DeRango*, 229 Wis. 2d 1, 16, 599 N.W.2d 27 (Ct. App. 1999) (*DeRango I*), *aff'd*, *State v. DeRango*, 2000 WI 89, 236 Wis. 2d 721, 613 N.W.2d 833 (*DeRango II*). We have recently articulated the purpose of the child enticement statute:

> [E]nticement of a child is "a social evil in and of itself regardless of the specific sexual motive which causes the defendant to act." The gravamen of the crime is not the commission of an enumerated act,

but succeeding in getting a child to enter a place with intent to commit such a crime.

*DeRango I*, 229 Wis. 2d at 15 (citations omitted).

¶ 10. Koenck makes several arguments in favor of dismissing the criminal complaint. He first argues that pursuant to *DeRango*, the State must prove that an actual child, not an agent posing as a child, was the intended victim. Koenck misunderstands the holding of *DeRango*.

¶ 11. The *DeRango* defendant telephoned a fifteen-year-old girl and offered her $300 to perform a strip tease and other sexual acts on video. *DeRango II*, 2000 WI 89 at ¶ 1. DeRango was charged with and convicted of one count of child enticement and one count of attempted child sexual exploitation. *Id.* DeRango challenged the convictions on jury unanimity, multiplicity and sufficiency of the evidence grounds. *Id.* We affirmed the convictions, as did the Wisconsin Supreme Court. *Id.* at ¶¶ 1, 11.

¶ 12. Contrary to Koenck's assertions, *DeRango* never addressed the issue of whether an actual child, as opposed to a fictional child, must be the intended victim.

¶ 13. Koenck also argues that *DeRango* firmly established that the attempted and completed crimes of child enticement were merged into one statute; under *DeRango*, Koenck argues, the elements of both crimes are identical and thus the crime of attempted child enticement no longer exists. Again, Koenck misconstrues the holding of *DeRango*.

¶ 14. Nowhere in *DeRango I* did we, or the Wisconsin Supreme Court in *DeRango II*, state that the crime of attempted child enticement was nonexistent. In fact, our *DeRango* decision, the one cited by Koenck, makes clear that WIS. STAT. § 948.07 includes both the

attempted and the completed crime. *DeRango I*, 229
Wis. 2d at 29. We stated:

> Because the statute as written includes the
> attempted as well as the completed act, it already
> contemplates a lesser included offense. Both child
> enticement and attempted child enticement are
> subject to the same penalty . . . .

*Id.*

¶ 15. Again, WIS. STAT. § 948.07 states:

> Whoever, with intent to commit any of the following
> acts, causes or attempts to cause any child who has
> not attained the age of 18 years to go into any vehi-
> cle, building, room or secluded place is guilty of a
> Class BC felony:
> **(1)** Having sexual contact or sexual inter-
> course with the child . . . .
> **(2)** Causing the child to engage in
> prostitution.
> **(3)** Exposing a sex organ to the child or caus-
> ing the child to expose a sex organ . . . .
> **(4)** Taking a picture or making an audio
> recording of the child engaging in sexually explicit
> conduct.
> **(5)** Causing bodily or mental harm to the
> child.
> **(6)** Giving or selling to the child a controlled
> substance or controlled substance analog . . . .

The child enticement statute requires proof that the
defendant caused a child to go into a vehicle, building,
room or secluded place with any one of the six enumer-
ated intents *or* attempted to cause a child to go into a
vehicle, building, room or secluded place with any one
of the six enumerated intents. Thus, § 948.07 deline-

ates one crime, the crime of child enticement, with alternate modes of commission. *DeRango II*, 2000 WI 89 at ¶¶ 17, 22.

■

¶ 16. This reading is consistent with prior interpretations of child enticement, all of which have concluded that the actual act of or attempted act of enticement is itself prohibited child enticement. *Id.* at ¶ 18; *see also Church*, 223 Wis. 2d at 664 ("The crime of enticement is completed . . . when a person causes, or attempts to cause, a child to go to a secluded place . . . .").

¶ 17. The jury instruction notes for a WIS. STAT. § 948.07 violation also refute Koenck's argument that the crime of attempted child enticement does not exist in Wisconsin. The jury instructions for § 948.07 state that "[i]f an attempt case is charged, it may be advisable to define 'attempt' for the jury"; proposed jury instructions for attempted child enticement are then provided. WIS JI—CRIMINAL 2134. Thus, child enticement is one crime with alternate means of commission.

¶ 18. Koenck further argues that the maxim that impossibility is not a defense to an attempt charge, as articulated in *State v. Kordas*, 191 Wis. 2d 124, 129, 528 N.W.2d 483 (Ct. App. 1995), does not apply to WIS. STAT. ch. 948 crimes. Koenck cites no authority or legislative history for this assertion, and, in fact, legislative history and related statutes belie his contention.

¶ 19. WISCONSIN STAT. § 948.07 was created by 1987 Wis. Act 332, a comprehensive revision of state laws relating to crimes against children. *Church*, 223 Wis. 2d at 661. The previous child enticement statute, WIS. STAT. § 944.12 (1985–86), stated:

**Enticing a child for immoral purposes.** Any person 18 years of age or over, who, with intent to commit a crime against sexual morality, persuades or entices any child under 18 years of age into any vehicle, building, room or secluded place is guilty of a Class C felony.

Section 944.12 (1985–86) was repealed and § 948.07 created by 1987 Wis. Act 332, §§ 42 and 55. Section 948.07 retained the title "child enticement" and broadened the scope of the offense. *State v. Irish*, 210 Wis. 2d 107, 111, 565 N.W.2d 161 (Ct. App. 1997). Legislative comment to the creation of § 948.07 explains the changes and states, in relevant part:

1. Deletes the words "persuades or entices" contained in the current child enticement statute [s.944.12] and, instead, characterizes the crime of child enticement as "causing or attempting to cause" a child to go into any vehicle, building, room or secluded place with the intent to`commit a criminal act or acts. The substitution of "causes" for "persuades or entices", eliminates as an element of the crime the state of mind of the child being enticed. The language "attempts to cause" is added to further clarify that *the crime of child enticement includes the attempted act of enticement, consistent with s. 939.32(1)(d)*, as created by this bill.

1987 Wis. Act 332, § 55 (emphasis added).

¶ 20. WISCONSIN STAT. § 939.32 addresses attempt crimes and states, in part:

**(1)** Whoever attempts to commit a felony or a crime specified in s. 940.19, 940.195 or 943.20 may be fined or imprisoned or both not to exceed one-half

the maximum penalty for the completed crime; except:

. . . .

(d) Whoever attempts to commit a crime under s. 948.07 is subject to the penalty provided in that section for the completed act.

Section 939.32(1)(d). As noted above, § 939.32(1)(d) was created by the same act as WIS. STAT. § 948.07. 1987 Wis. Act 332, § 24. Legislative comment to the creation of § 939.32(1)(d) states:

Creates a new exception to the current provision that attempted criminal acts are punishable by a fine or imprisonment not to exceed one-half the maximum penalty for the completed act. Under the bill, both the act of attempted child enticement and the completed act of child enticement are Class C felonies.

1987 Wis. Act 332, § 24. Reading §§ 948.07 and 939.32(1)(d) together, it is clear that the legislature, by enclosing the attempted and completed act in the same statute, did not intend to eliminate the crime of attempted child enticement, but determined that the attempted act of child enticement was as egregious as the completed act and thus each warranted the same penalty. Contrary to Koenck's assertions, merging the completed and the attempted crime into one statute does not render the principles of attempt inapplicable. The reference in § 939.32(1)(d) to § 948.07 indicates that the principles of attempt apply to § 948.07 violations.

¶ 21. If statutory language is unambiguous, we are restricted to its plain meaning. *State v. Cvorovic*, 158 Wis. 2d 630, 633, 462 N.W.2d 897 (Ct. App. 1990).

WISCONSIN STAT. § 939.32(1) and (2) states in plain terms which offenses may be prosecuted as attempt crimes, *Cvorovic*, 158 Wis. 2d at 633, and WIS. STAT. § 948.07 is one of those crimes. Sec. 939.32(1)(d).

¶ 22. In terms just as plain, WIS. STAT. § 939.32(3) defines the word "attempt." *Cvorovic*, 158 Wis. 2d at 633. Section 939.32(3) states:

> An attempt to commit a crime requires that the actor have an intent to perform certain acts and attain a result which, if accomplished, would constitute such crime and that the actor does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that the actor formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

¶ 23. Koenck argues that the legislature intended that the act of attempted child enticement, like all WIS. STAT. ch. 948 crimes, requires the presence of an actual child, as defined by WIS. STAT. § 948.01(1)[2] and not a fictional child. Again, Koenck cites no legislative history or legal authority for this proposition, and his argument ignores the principles behind attempt crimes.

¶ 24. Our supreme court has instructed that attempt requires (1) intent to commit a specific crime and (2) evidence that the accused has committed sufficient acts to "demonstrate unequivocally that it was

---

[2] "Child" is defined in WIS. STAT. § 948.01(1) as "a person who has not attained the age of 18 years, except that for purposes of prosecuting a person who is alleged to have violated a state or federal criminal law, 'child' does not include a person who has attained the age of 17 years."

improbable the accused would desist of his or her own free will. The intervention of another person or some other extraneous factor that prevents the accused from completing the crime is not an element of the crime of attempt." *State v. Stewart*, 143 Wis. 2d 28, 31, 420 N.W.2d 44 (1988). An attempt is complete when the defendant, with intent to commit a crime, takes action in furtherance of such intent and the failure to accomplish the crime is due to a factor beyond his or her control or one unknown to him or her. *Boyles v. State*, 46 Wis. 2d 473, 476, 175 N.W.2d 277 (1970).

¶ 25. WISCONSIN STAT. § 939.32 requires that the person have the requisite criminal intent and that he or she perform "acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he formed the intent and would commit the crime except for the intervention of another person or some other extraneous factor." *Berry v. State*, 90 Wis. 2d 316, 326, 280 N.W.2d 204 (1979) (citation omitted).

¶ 26. The Wisconsin Supreme Court has further explained:

> The purpose of the language in sec. 939.32(3) relating to intervention of another person and extraneous factor is to denote that the actor must have gone far enough toward completion of the crime to make it improbable that he would change his mind and desist. The conduct element of sec. 939.32(3) is satisfied when the accused engages in conduct which demonstrates that only a circumstance beyond the accused's control would prevent the crime, whether or not such a circumstance actually occurs. An attempt occurs when the accused's acts move beyond the incubation period for the crime, that is, the time during which the accused

has formed an intent to commit the crime but has not committed enough acts and may still change his mind and desist. In other words the statute requires a judgment in each case that the accused has committed sufficient acts that it is unlikely that he would have voluntarily desisted from commission of the crime.

*Stewart*, 143 Wis. 2d at 41–42.

¶ 27. Here, Koenck communicated via the internet with "Teddie" and "Georgie," persons he believed to be twelve-year-old girls. During these communications, Koenck expressed a desire to have sexual intercourse with "Teddie" and "Georgie." When "Teddie" and "Georgie" informed Koenck of their plans to visit Wisconsin, Koenck immediately expressed an interest in meeting them. He made reservations at an area hotel. He arranged to meet "Teddie" and "Georgie." He drove from his home in Iowa, checked into a hotel and then traveled to the prearranged meeting place in order to meet "Teddie" and "Georgie." Koenck admitted that he intended to have sex with both "Teddie" and "Georgie."

¶ 28. Within the contemplation of WIS. STAT. § 948.07, an attempt is complete when the defendant, with intent to commit a crime, takes action in furtherance of such intent and the failure to accomplish the crime is due to a factor beyond his or her control or one unknown to him or her. *Huebner v. State*, 33 Wis. 2d 505, 520, 147 N.W.2d 646 (1967). We conclude that the fictitiousness of the girls constituted an extraneous factor beyond Koenck's control that prevented him from successfully enticing a child for the express purpose of sexual intercourse or contact. *Id.* at 520–21. Koenck did everything necessary to insure the commission of

the crime intended, and his conduct is not excused because of the fortuitous circumstance rendering it impossible to effectuate the intended result. *State v. Damms*, 9 Wis. 2d 183, 191, 100 N.W.2d 592 (1960).

## CONCLUSION

¶ 29. We affirm the order of the circuit court. We reject Koenck's arguments that attempted child enticement no longer exists under Wisconsin law. WISCONSIN STAT. § 948.07 delineates one crime, the crime of child enticement, with alternate modes of commission, one of which is an attempt to cause a child to go into a vehicle, building, room or secluded place. The principles of attempt, as set forth in WIS. STAT. § 939.32(3), also apply. The fictitiousness of the girls constitutes an extraneous factor beyond Koenck's control that prevented successful enticement while not excusing the attempt to entice.

*By the Court.*—Order affirmed.