STATE of Wisconsin, Plaintiff-Appellant,

v.

Thomas W. GRIMM, Defendant-Respondent.

Court of Appeals

*No. 01–0138–CR. Submitted on briefs July 8, 2002.—Decided
September 19, 2002.*

2002 WI App 242

(Also reported in 653 N.W.2d 284.)

■■■■■■■■■
■■■■■■■
■■■■■■■■■■■■
■■■■■■■■■■■■
■■■■■■■■■■■■ ■

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Jennifer E. Nashold*, assistant attorney general, and *James E. Doyle*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Daniel W. Hildebrand* of *DeWitt Ross & Stevens S.C.*, Madison.

Before Vergeront, P.J., Dykman and Deininger, JJ.

¶ 1. VERGERONT, P.J. The State of Wisconsin appeals an order dismissing the charges against Thomas Grimm of attempted child enticement contrary to Wis. Stat. § 948.07(1) (1999–2000),[1] and attempted second-degree sexual assault of a child contrary to Wis. Stat. §§ 939.32 and 948.02(2). The issues on appeal are whether these crimes may be charged when the intended victim is actually an adult posing online as a child, and whether the allegations of the complaint are sufficient to establish probable cause that Grimm committed the crimes. We conclude that under *State v. Robins*, 2002 WI 65, 253 Wis. 2d 298, 646 N.W.2d 287, and *State v. Koenck*, 2001 WI App 93, 242 Wis. 2d 693, 626 N.W.2d 359, the State may properly charge at-

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

tempted child enticement and attempted second-degree sexual assault of a child when the intended victim is actually an adult whom the defendant believes to be a child. We also conclude the allegations of the complaint are sufficient to establish probable cause for both crimes. Accordingly, we reverse the order dismissing the complaint and remand for further proceedings.

## BACKGROUND

¶ 2. The amended complaint alleged as follows. On October 17, 2000, Division of Criminal Investigation Special Agent Eric Szatkowski signed on to America Online (AOL) as "BackdoorboyLOL," a fourteen-year-old boy named "Andre" from Portage. At approximately 4:34 p.m., BackdoorboyLOL entered an AOL town square chat room called "Wisconsin M4M." At about 4:42 p.m., BackdoorboyLOL received an "Instant Message" from "LA90405," later identified as Grimm, stating, "dude, what's up." Grimm and Szatkowski engaged in an Instant Message conversation for about forty-four minutes.

¶ 3. During that conversation, the two exchanged photographs through e-mail. BackdoorboyLOL sent a photograph of another officer taken when the officer was approximately fourteen years old. Grimm sent a picture of an adult male lying down on a couch wearing an unbuttoned long-sleeved shirt and a pair of shorts. After receiving the photograph of the fourteen year old, Grimm told BackdoorboyLOL he was "cute." Grimm also asked BackdoorboyLOL what his body and, specifically, his penis looked like, and what sexual acts he had performed with males. BackdoorboyLOL responded that he had engaged in "bj's, jo, kissin" and that he "always wanted to try anal." Grimm responded, "cool." Grimm then asked BackdoorboyLOL if the boy could

travel to Madison, where Grimm was located. Back-doorboyLOL stated that he was too young to drive. Grimm then offered to pick him up. When Backdoor-boyLOL asked Grimm what specific acts they would engage in, Grimm said that they could do whatever BackdoorboyLOL wanted. BackdoorboyLOL then asked Grimm what he was "into," and Grimm responded that he was into "suckin, getting sucked, and fucking." During the conversation, BackdoorboyLOL sent to Grimm two other photographs of the other officer at age fourteen. Grimm told BackdoorboyLOL to meet him back online at 6:15 p.m. because he had to wait for the person he worked with to bring back his vehicle. BackdoorboyLOL agreed, and the first conversation ended at approximately 5:28 p.m.

¶ 4. At about 6:15 p.m., Szatkowski was notified through BackdoorboyLOL's "buddy list" that Grimm was online. BackdoorboyLOL and Grimm then engaged in another Instant Message conversation for eighteen minutes. Grimm agreed to meet BackdoorboyLOL outside the McDonald's on U.S. Highway 51 near the intersection of Highway 51 and Interstate 39. Grimm told BackdoorboyLOL that he would be driving a blue vehicle, and that he would get there between 7:45 p.m. and 8:00 p.m. Grimm stated that he would get a hotel room in the area for himself and BackdoorboyLOL. BackdoorboyLOL told Grimm that he could stay out until 10:00 p.m., his curfew.

¶ 5. DCI Special Agent Michael Hoell and Columbia County Sheriff's Detective Lieutenant Wayne Smith undertook surveillance at the McDonald's restaurant. At 7:57 p.m., the officers observed a blue 2000 Ford Contour arrive in the parking lot. When a man got out of the car, Deputy Chad Roberts, who was posing as BackdoorboyLOL, asked him if he was "LA." The man

responded he was. The man was identified as Grimm through identification discovered on his person.

¶ 6. Grimm moved to dismiss the complaint, asserting that commission of the crimes was "legally impossible" because the alleged victim was actually an adult, and that the complaint did not establish probable cause that Grimm committed the crimes charged. The court agreed with Grimm and granted the motion.

## DISCUSSION

¶ 7. The first issue we address is whether a defendant may properly be charged with attempted child enticement and attempted sexual assault of a child when the intended victim is an adult whom the defendant believes to be a child. Since the resolution of this issue involves construction of statutes, it presents questions of law, which we review de novo. *State v. Jensen*, 2000 WI 84, ¶ 12, 236 Wis. 2d 521, 613 N.W.2d 170.

¶ 8. We conclude that *Koenck*, 2001 WI App 93, decided after the circuit court entered the order to dismiss, and *Robins*, 2002 WI 65, decided after briefing on appeal was completed, control the outcome of this issue.[2]

¶ 9. In both *Koenck* and *Robins*, the defendants were charged with attempted child enticement when they attempted to meet in person with fictitious children they had met over the Internet for purposes of sexual contact; in both cases the persons with whom they had been communicating were actually adults.

---

[2] We placed this appeal on hold pending the supreme court's decision in *State v. Robins*, 2002 WI 65, 253 Wis. 2d 298, 646 N.W. 2d 287.

*Koenck*, 2001 WI App 93 at ¶¶ 2–6; *Robins*, 2002 WI 65 at ¶¶ 4–6. In *Koenck*, we concluded that the fact that the intended victim was actually an adult was not a bar to bringing the charge of attempted child enticement. 2001 WI App 93 at ¶ 28. Rather, the fictitiousness of the children[3] was an extraneous factor beyond the defendant's control within the meaning of the "attempt" statute. 2001 WI App 93, ¶ 29. The "attempt" statute, WIS. STAT. § 939.32, provides in part:

> **Attempt. (3)** An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that the actor does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that the actor formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

In *Robins*, the supreme court adopted the same reasoning and came to the same conclusion as we did in *Koenck*. 2002 WI 65 at ¶ 28. Therefore, it is now established that Grimm may be charged with attempted child enticement even though Backdoorboy-LOL was not a child.[4]

¶ 10. With respect to the charge of attempted second-degree sexual assault of a child, the definition of

---

[3] In *State v. Koenck*, 2001 WI App 93, 242 Wis. 2d 693, 626 N.W.2d 359, an adult woman pretended to be twin twelve-year-old girls.

[4] In his brief, written before the supreme court decided *Robins*, Grimm argued that we erred in *Koenck* because our decision conflicted with *State v. Smith*, 202 Wis. 2d 21, 28, 549, N.W.2d 232 (1996), and we were therefore bound to follow *Smith. Smith* dealt with completed child enticement. We do not agree *Koenck* and *Smith* are in conflict. However, the more

attempt in Wis. Stat. § 939.32(3) is applicable to this crime as well as to attempted child enticement. Therefore, the reasoning in *Koenck* and *Robins* is equally applicable to the charge of attempted second-degree sexual assault of a child.

¶ 11. Grimm presents an additional argument regarding this charge, which, according to him, we did not address in *Koenck*. He asserts that second-degree sexual assault of a child cannot be "attempted" because Wis. Stat. § 948.02(2) is a "strict liability" offense with respect to the age of the child. Grimm points out that mistake as to the age of a minor is not a defense. Wis. Stat. § 939.43(2). *See also* Wis. Stat. § 939.23(6) (criminal intent does not require knowledge of the age of the minor even though age is a material element). He then cites *State v. Briggs*, 218 Wis. 2d 61, 66, 579 N.W.2d 783 (Ct. App. 1998), in which we held that attempted felony murder is not a crime because the crime of felony murder does not include intent.

¶ 12. *Robins* addressed this argument in the context of attempted child enticement and rejected it. The court in *Robins* held that, in contrast to felony murder, child enticement does have an intent element: Wis. Stat. § 948.07 is not violated unless the perpetrator committed or attempted the act of enticement with one or more of the specific enumerated prohibited intents. 2002 WI 65 at ¶ 30. The court therefore concluded that attempted child enticement was not an impermissible crime under the rationale of *Briggs*. *Id.*

important point now is that *Robins*, not *Smith*, controls this case because *Robins* is concerned with an attempted, not a completed, crime.

¶ 13. The elements of second-degree sexual assault of a child are: (1) sexual contact or sexual intercourse, and (2) with a child who has not yet attained the age of sixteen. WIS. STAT. § 948.02(2). "Sexual contact" means only intentional touching for certain specified purposes. WIS. STAT. § 948.01(5)(a).[5] Beyond asserting that the rationale of *Briggs* precludes a charge of attempted second-degree sexual assault of a child, Grimm does not develop an argument that is not foreclosed by the court's decision in *Robins*. We therefore do not address this point further.

¶ 14. Because we conclude that the reasoning of *Koenck* and *Robins* applies to the charge of attempted second-degree sexual assault of a child, we hold that Grimm may be charged with this crime even though BackdoorboyLOL was not a child.

¶ 15. We next address the issue whether the complaint alleges sufficient facts to establish probable cause that Grimm committed the crimes charged. This also is a question of law, and our review is therefore de novo. *State v. Manthey*, 169 Wis. 2d 673, 685, 487 N.W.2d 44 (Ct. App. 1992). The facts and reasonable inferences drawn from facts in a complaint must allow a reasonable person to conclude that a crime was probably committed and that the defendant was probably culpable. *State v. Haugen*, 52 Wis. 2d 791, 793, 191 N.W.2d 12 (1971). Where reasonable inferences may be drawn

---

[5] WISCONSIN STAT. § 948.01(5)(a) provides:

 (a) Intentional touching by the complainant or defendant, either directly or through clothing by the use of any body part or object, of the complainant's or defendant's intimate parts if that intentional touching is either for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant.

establishing probable cause to support a charge and equally reasonable inferences may be drawn to the contrary, the criminal complaint is sufficient. *Manthey*, 169 Wis. 2d at 688–89.

¶ 16. Turning first to the charge of attempted child enticement, WIS. STAT. § 948.07 provides in relevant part:

> Whoever, with intent to commit any of the following acts, causes or attempts to cause any child who has not attained the age of 18 years to go into any vehicle, building, room or secluded place is guilty of a Class BC felony: (1) Having sexual contact or sexual intercourse with the child . . . .

¶ 17. The allegations in the complaint supporting this charge against Grimm are similar to those in *Robins*. In *Robins*, the complaint alleged that after some sexually explicit conversations on the Internet with someone he believed to be a child, Robins suggested that he and the child get a hotel room. 2002 WI 65 at ¶¶ 5–8. They set a meeting time and place, and Robins drove to that place at the assigned time, where he was arrested. *Id.* at ¶¶ 11–14. The court concluded these allegations "easily establish[ed] probable cause . . . that [the defendant] possessed the intent to entice a child for sexual intercourse and that he engaged in unequivocal acts in furtherance of that criminal objective such that it was improbable that he would desist of his own free will." *Id.* at ¶ 38.

¶ 18. We reach the same conclusion in this case. It is reasonable to infer that Grimm saw BackdoorboyLOL's AOL profile, and from that inference and the conversations between Grimm and BackdoorboyLOL, including BackdoorboyLOL's comment

175

that he was too young to drive, it is reasonable to infer that Grimm believed the person he was talking to was younger than sixteen. It is also reasonable to infer from the discussion of sexual activity that Grimm intended to have sexual contact with the person he believed to be younger than sixteen. The complaint alleges that Grimm told the person (over the Internet) he was going to get a hotel room, that he set a meeting time and place, that he arrived at the place at the assigned time, and that he got out of his car and spoke to the intended victim. It is reasonable to infer from these allegations that Grimm had the intent to entice a child into a "vehicle, building, room, or secluded place" for sexual contact or sexual intercourse, and that he engaged in unequivocal acts in furtherance of that criminal objective, such that it was improbable that he would desist of his own free will.

¶ 19. The circuit court here was of the view that more acts had to be alleged in furtherance of the criminal objective, such as attempts to have the child get into a vehicle or go into a hotel room or a secluded place. However, *Robins* makes it clear that going to meet at the planned time and place is a sufficient unequivocal act in furtherance of the criminal objective of child enticement, when earlier conversations provide reasonable inferences of that criminal objective.

██

¶ 20. Turning to the charge of attempted second-degree sexual assault of a child, we conclude the allegations of the complaint are sufficient to show probable cause for this crime as well. As we have already explained, the facts alleged and their reasonable inferences permit the conclusion that Grimm intended to have sexual contact with a person he believed to be under sixteen. Arranging a time and place to meet that

176

person, arriving at that place at the assigned time, and getting out of the car and talking to the person are acts in furtherance of that criminal objective; and it is reasonable to infer from these acts, in light of the preceding conversations, that Grimm would have committed the crime except for the intervention of another person or some extraneous factor. More specifically, the facts alleged and their reasonable inferences are sufficient to show that, had a fourteen-year-old boy rather than a law enforcement officer met Grimm at the McDonald's parking lot, Grimm would have had sexual contact with the boy. Again, we disagree with the circuit court that the complaint was deficient because it did not allege acts more specifically related to sexual contact. Even if it were reasonable to infer from the complaint that Grimm might not have had sexual contact with the fourteen-year-old boy he expected to meet, it is equally reasonable, if not more so, to infer that Grimm would have done so.[6]

¶ 21. Grimm relies on cases decided under an earlier statute in support of his argument that the complaint does not allege acts sufficient to show attempted second-degree sexual assault of a child: *Lhost v. State*, 85 Wis. 2d 620, 271 N.W.2d 121 (1978); *Adams v. State*, 57 Wis. 2d 515, 204 N.W.2d 657 (1973); and *Oakley v. State*, 22 Wis. 2d 298, 309, 125 N.W.2d 657 (1964). However, because of the differences between the earlier statute and Wis. Stat. § 948.02(2), these cases are not useful in analyzing the sufficiency of the charge against Grimm. The earlier statute, Wis. Stat. § 944.01

---

[6] We emphasize that we are examining the complaint for probable cause, not to determine whether the facts as pleaded would establish guilt according to some higher standard.

(1961),[7] required sexual intercourse "by force and against [the] will [of the victim]," which was defined to mean "either that her utmost resistance is overcome or prevented by physical violence or that her will to resist is overcome by threats of imminent physical violence likely to cause great bodily harm." The fact that convictions for attempted rape under this statute were upheld in the first two cases, where the completion of the assault was thwarted by a scream or other resistance of the victim, sheds no light on what a complaint must allege for an attempted sexual assault under § 948.02(2), which requires no force.

¶ 22. For similar reasons, *Oakley* does not advance Grimm's position. Grimm points out that in *Oakley* the court reversed a conviction for attempted rape because the defendant desisted when the victim used verbal pleadings and pushed his hand away. 22 Wis. 2d at 309. According to Grimm, because that defendant went much further in the commission of a sexual assault than this complaint alleges Grimm did, this complaint is insufficient. However, the reason for the reversal in *Oakley* was that the relative ease with which the victim warded off the defendant cast doubt on the defendant's intent to have sexual intercourse "by force and against the will of" the victim. *Id.* Such an intent is not required for attempted second-degree sexual assault of a child under Wis. Stat. § 948.02(2).

¶ 23. Because we conclude the circuit court erred in dismissing the complaint, we reverse the order of dismissal and remand for further proceedings.

---

[7] Wisconsin Stat. § 944.01 was repealed by Laws of 1975, ch. 184, § 7, effective March 27, 1976, and replaced by Wis. Stat. § 940.225.

*By the Court.*—Order reversed and cause remanded.